1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10
11
12
13

| | |
|---|---|
| GARY T. HARRELL, | ) No. C 05-5035 JSW (PR) |
| Petitioner, | ) |
| | ) **ORDER DENYING** |
| | ) **CERTIFICATE OF** |
| vs. | ) **APPEALABILITY** |
| | ) |
| S. W. ORNOSKI, Warden, | ) |
| | ) (Docket nos. 17, 18, 19) |
| Respondent. | ) |
| _____ | ) |

14
15
16
17
18
19
20
21

    Petitioner Gary T. Harrell filed a pro se petition for a writ of habeas corpus
challenging the constitutionality of his confinement under 28 U.S.C. § 2254.  Following
briefing, this Court dismissed Petitioner's application for a writ of habeas corpus as
untimely and for failing to state a claim for federal habeas relief in an order dated March
12, 2007 (docket no. 12).  Petitioner has filed a notice of appeal and a request for a
certificate of appealability (docket nos. 17, 19) and a motion for a decision on his request
(docket no. 18).

22
23
24
25
26
27

    Upon the filing of a notice of appeal and a request for a COA, the district court
shall indicate which specific issue or issues satisfy the standard for issuing a certificate,
or state its reasons why a certificate should not be granted.  *See United States v. Asrar*,
116 F.3d 1268, 1270 (9th Cir. 1997).  (citing 28 U.S.C. § 2253(c)(3)).   A judge shall
grant a COA "only if the applicant has made a substantial showing of the denial of a
constitutional right."  28 U.S.C. § 2253(c)(2).

28

    "Determining whether a COA should issue where the petition was dismissed on
procedural grounds has two components, one directed at the underlying constitutional

claims and one directed at the district court's procedural holding." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484; *see James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue. *See id.* With regard to the issues before the Court, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. Accordingly, the request for a certificate of appealability is DENIED and the Clerk shall terminate all pending motions as decided by this order (docket nos. 17-19).

The Clerk of Court shall forward this order, along with the case file, to the United States Court of Appeals for the Ninth Circuit. Petitioner may also seek a certificate of appealability from that court. *See Asrar,* 116 F.3d at 1270.

IT IS SO ORDERED.

DATED:  December 3, 2007

JEFFREY S. WHITE
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HARRELL,

          Plaintiff,

  v.

ORNOSKI et al,

          Defendant.
_____/

Case Number: CV05-05035 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 3, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gary T. Harrell
California State Prison
San Quentin
B99531
San Quentin, CA 94974

Scott Colin Mather
CA State Attorney General's Office
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

Dated: December 3, 2007

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk